## CURTISS vs. WHITE and others.

A and B owning adjoining vacant city lots, made an agreement, by which B was permitted to erect one half of the partition wall upon the land of A, for the expense of which half, A agreed to pay B, when he sold, leased or built upon his lot. After the erection of the wall by B, A sold his lot *subject* to B's claim to C. The assignee of B, filed a bill against C, to enforce the claim as a mortgage— *Held* that the covenant from A to B, for the payment of one half of the expense of the wall, was a personal covenant, and that neither B, nor his assignee, could enforce it against C as a mortgage upon the land, as between B and A. B's remedy was by suit against A, to enforce the performance of the covenant on his part.

Dec. 1840.

Curtiss
v.
White and
others.

In 1833, Joseph W. Brown and Jonathan L. King, owned adjoining lots in the city of Buffalo. Brown desiring to build upon his lot, and to have the wall between him and King, a partition wall, for the common benefit of both, and to be built equally upon both lots, entered into an agreement with King, by which King consented that Brown might build such wall a certain distance upon the lot of King, to constitute a partition wall ; and King covenanted by said agreement, to pay Brown one half of the expense of erecting such wall, as soon as he (King) should build upon his lot, or lease, or sell the same.

Brown erected his buildings in compliance with the terms of said agreement. In 1836, King conveyed his lot to Eliza White, one of the defendants, then a married woman, *subject* to the said articles of agreement, and to the payment of King's proportion of such partition wall. In 1838, Brown assigned the above mentioned agreement between him and King, or the money to grow due thereon, to the complainant. The complainant looking upon this agreement as a mortgage upon that portion of King's lot covered by the partition wall, files this Bill to foreclose such mortgage, and waives any personal claim upon Eliza White, or Lemuel White, her husband. The bill is filed to recover the balance due for the expense of erecting one half of the partition wall.

*Le Grand Marvin*, for complainant.

*S. E. Sill*, for defendants.

THE VICE CHANCELLOR. The above statement of facts is, substantially, the case made by the com-

plainant's bill in this cause. And such being the case, it seems hardly necessary to look beyond the bill to come to a satisfactory conclusion. The agreement made between King and Brown in 1833, in relation to the erection of the partition wall, unquestionably conferred upon Brown, his heirs and assigns, the right to build and maintain, a certain portion of such partition wall, upon the land of King. This was a legal protection to Brown for the permanency of this partition wall; he was not liable to trespass for erecting it, and he could not be evicted from its enjoyment, after it was erected, except by a superior title. By the same instrument, King was to pay Brown one half of the expense of erecting such partition wall, upon the happening of any one of three events; 1 the erection of a building on his lot; 2 the sale of his lot; 3 the leasing of his lot. But this was a mere personal covenant, on the part of King, creating no lien upon the land, and might be enforced against him upon the happening of either of the events above mentioned. This was inserted, merely to designate the time when King should be liable to pay. When King sold to White, in 1836, a right of action immediately accrued in favor of Brown against King, upon this covenant, to enforce the payment of one half of the expense of the wall. It does not alter their legal relations that King sold to White, *subject* to this agreement, and subject to the payment of one half of the expense. This was a very proper clause in the deed, as it in the first place admonished White, of the rights before granted to Brown, and secondly, was evidence that White was to pay instead of King; or in other words, as between King and White, it was a species

Dec. 1840.

Curtiss
v.
White and
others.

of indemnity on the part of White, that she would save King harmless from such payment. But this reservation or condition, created no obligation on the part of White to pay Brown, as between Brown and White. Brown was left by it precisely where he was before, with King's covenant in his hands, and at liberty to prosecute King upon it. As between King and White, if indeed King was compelled to pay this money, he might possibly have construed this reservation as an equitable mortgage as against White, if White did not indemnify him, inasmuch as this indemnity was a part of the consideration of the purchase; but then it would have been a mortgage upon the lot, and not upon the strip covered by the partition wall.

Brown chose when making the original agreement, to rely upon the personal responsibility of King, for the repayment of one half of the expense of the partition wall, and the complainant's solicitor has mistaken his case, in endeavoring to extend it into a specific lien upon the land.

Entertaining these views, it is unnecessary to examine the various other points presented in this case. An examination of the bill is sufficient alone to determine the question.

Bill dismissed with costs to be taxed.